IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 21-CR-00493-GKF-3 |
| ) | |
| LINDA ANN BEEN, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

This matter comes before the court on the "Motion to Withdraw Guilty Pleas of Specific Counts:  Counts 3-166; and Counts 171-214" [Doc. 599] of defendant Linda Ann Been.  For the reasons set forth below, the motion is denied.

**I.      Background/Procedural History**

On November 3, 2021, a grand jury returned an Indictment in this case.  The Indictment charged Ms. Been in Count 1 with Conspiracy pursuant to 18 U.S.C. §§ 371 and 372; Counts 2 through 166 with Wire Fraud pursuant to 18 U.S.C. § 1343; Count 167 with Conspiracy to Commit Wire Fraud pursuant to 18 U.S.C. § 1349; Counts 168 and 169 with Conspiracy to Commit Money Laundering pursuant to 18 U.S.C. § 1956(h); and Counts 170 through 214 as violating 18 U.S.C. § 1957(a) – Relating to Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity, 18 U.S.C. §§ 981(a)(1)(c) and 982(a) and 28 U.S.C. § 2461 – Conspiracy, Fraud, and Racketeering Forfeiture.  [Doc. 2].

Ms. Been was arraigned on the Indictment before Magistrate Judge Christine D. Little on January 14, 2022.  [Doc. 90].  Magistrate Judge Little appointed attorney Fred Randolph Lynn to

represent Ms. Been. [Doc. 91]. Ms. Been waived her right to a speedy trial pursuant to the Sixth Amendment to the United States Constitution and the Speedy Trial Act, 18 U.S.C. § 3161. [Doc. 122]. Thereafter, trial was set for July 18, 2022. [Doc. 126].

On July 14, 2022, Magistrate Judge James P. O'Hara conducted a change of plea hearing and accepted Ms. Been's guilty pleas to the 214 counts in the Indictment.[1] [Docs. 355, 358].

On May 1, 2023, defendant's attorney Mr. Randy Lynn moved to withdraw because he accepted a position with the Office of the Federal Public Defender for the Eastern District of Oklahoma. [Doc. 531]. Attorney Marna Swanda Franklin entered her appearance on behalf of Ms. Been on June 14, 2023. [Doc. 562].

In her motion, Ms. Been states that she "has no recollection of her attorney Randy Lynn advising her of any attempts to negotiate on her behalf to plea to less than all counts, or why she was advised to plead guilty to all 214 counts." [Doc. 599, p. 2, ¶ 4]. Ms. Been moves to withdraw her pleas because of the large Special Monetary Assessment that will necessarily result from a judgment of guilt on 214 counts. Ms. Been acknowledges that, in her signed and sworn Petition to Enter Plea of Guilty and Order Entering Plea, she represents to the court that "[m]y attorney has also advised me that a Special Monetary Assessment in the amount of $100.00 will be assessed per count since the offenses occurred on or after November 12, 1984." [Doc. 358, p. 5; Doc. 599, p. 3, ¶ 6]. However, Ms. Been contends "she was not advised by counsel Randy Lynn that her guilty pleas would result in a mandatory monetary assessment in the total amount of $21,400." [Doc. 599, p. 3, ¶ 8]. Thus, Ms. Been asserts that "her guilty pleas to all counts were not made with full understanding of all the matters set forth in the petition." [*Id.*].

---

[1] The court has reviewed the audio of the July 14, 2022 change-of-plea hearing.

The government filed its response in opposition of Ms. Been's motion on October 5, 2023. [Doc. 608]. Neither party has requested a hearing on this matter.

## II. Analysis

Pursuant to Federal Rule of Criminal Procedure 11(d), "[a] defendant may withdraw a plea of guilty . . . after the court accepts the plea, but before it imposes sentence if . . . the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B) (formatting altered from original). "The defendant bears the burden of establishing a 'fair and just reason.'" *United States v. Hamilton*, 510 F.3d 1209, 1214 (10th Cir. 2007) (citing *United States v. Black*, 201 F.3d 1296, 1299 (10th Cir. 2000)). To determine whether a defendant has satisfied his burden to demonstrate a fair and just reason for withdrawal, the court should consider seven factors, known as the *Yazzie* factors[2]:

> (1) whether the defendant has asserted [her] innocence; (2) whether withdrawal would prejudice the government; (3) whether [she] delayed in filing [her] motion, and if so, the reason for the delay; (4) whether withdrawal would substantially inconvenience the court; (5) whether close assistance of counsel was available to [her]; (6) whether [her] plea was knowing and voluntary; and (7) whether the withdrawal would waste judicial resources.

*United States v. Dominguez,* 998 F.3d 1094, 1103 (10th Cir. 2021) (alterations added for application to defendant in the case at bar) (quoting *United States v. Yazzie,* 407 F.3d 1139, 1142 (10th Cir. 2005)). Leave to withdraw a plea prior to sentencing "should be freely allowed," but the Tenth Circuit will not reverse a district court's decision "unless the defendant can show that

---

[2] "If the assertion-of-innocence, knowing-and-voluntary, and ineffective-assistance-of-counsel factors all weigh against the defendant, a district court need not consider the remaining four factors." *United States v. Marceleno*, 819 F.3d 1267, 1272 (10th Cir. 2016) (citing *United States v. Byrum*, 567 F.3d 1255, 1265 (10th Cir. 2009)).

the court acted unjustly or unfairly." *United States v. Garcia*, 577 F.3d 1271, 1274 (10th Cir. 2009) (quoting *Hamilton*, 510 F.3d at 1213–14).

The first factor—whether the defendant has asserted her innocence—weighs against granting the plea withdrawal motion. Ms. Been does not assert her innocence. Instead, she expressly acknowledges that she committed the crimes in the Indictment. [Doc. 599, p. 4, ¶ 9]. Thus, this factor weighs against permitting withdrawal of the guilty plea.

The fifth factor—close assistance of counsel—is relevant here because Ms. Been asserts in her motion that she has no recollection of her attorney reviewing the Special Monetary Assessment for each count or relaying that information to her. [Doc. 599, p. 3, ¶ 8]. Ms. Been also contends that she currently has no recollection of her attorney Mr. Lynn advising her of any attempts to negotiate on her behalf to plea less than all counts, or why she was advised to plead guilty to all 214 counts. [*Id.* at 2, ¶ 4]. However, Ms. Been has not specifically asserted ineffective assistance of counsel.[3] *See United States v. Dominguez*, 998 F.3d 1094, 1110 (10th Cir. 2021) (collecting cases applying *Strickland's* ineffective assistance of counsel standard to close assistance of counsel inquiry).[4] Pursuant to *Strickland*, defendant "must demonstrate both that (1) [her] counsel's performance fell below an objective standard of reasonableness and (2) the deficient performance prejudiced [her] defense." *Id.* (internal quotations and citations omitted). "In the guilty-plea context, *Strickland's* prejudice prong ordinarily requires a defendant to demonstrate 'there is a

---

[3] Defendant's new counsel argues that, "[c]ustomarily, it is general practice for defense attorneys in such situations to negotiate to plea to fewer counts within an indictment to avoid a greater than necessary special assessment." [Doc. 599, p. 2, ¶ 5].

[4] Although the Tenth Circuit has previously applied the *Strickland* test to the "close assistance of counsel" issue, in *Dominguez,* the court declined to "decide as a matter of law that the 'close assistance' of counsel issue is invariably governed by that test." *Dominguez*, 998 F.3d at 1110 n.10.

*reasonable probability* that, but for [her] counsel's errors, [she] *would not have pleaded guilty* and would have insisted on going to trial.'" *Id.* at 1111 (emphasis in original) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).  Here, Ms. Been does not deny her guilt, and she only seeks to withdraw her guilty plea as to various counts so that she can avoid a special monetary assessment of $21,400.00.  Therefore, Ms. Been has not shown that she would have insisted on going to trial.

Ms. Been's argument is akin to one raised in *Dominguez*, that, but for her counsel's failure to negotiate a plea on fewer than all counts, she might still have pleaded guilty, "*but under a more beneficial plea agreement*." 998 F.3d at 1113.  However, "it is open to significant doubt whether the better-plea theory is a cognizable theory of *Strickland* prejudice." *Id.* at 1116 (collecting cases). In deciding whether a defendant is prejudiced pursuant to the *Strickland* test, "the question is not whether [defendant] would have received a better deal with effective representation, but whether he would have rejected the deal offered and gone to trial." *Id.* at 1117 (citing *Cracker v. McCotter*, 805 F.2d 538, 542 (5th Cir. 1986)).

Additionally, even if one assumes that the "better-plea" theory is cognizable in the Tenth Circuit, it takes more than "sheer speculation and conjecture suggesting that it was reasonably probable" that Mr. Lynn could have negotiated a plea agreement to less than all counts on behalf of Ms. Been. *Id.* at 1118.  Again, Ms. Been does not argue that Mr. Lynn failed to negotiate at all, but just that she has no recollection of him advising her of attempts to negotiate a plea on less than all counts, or why she was advised to plead guilty to all counts.  [Doc. 599, p. 2, ¶ 4].  She fails to cite any facts showing that Mr. Lynn could have negotiated a plea agreement allowing Ms. Been to plead guilty to less than all counts.  Therefore, Ms. Been's better-plea theory "is built on a foundation of speculation and conjecture" and does not establish prejudice. *Dominguez*, 998 F.3d at 1118.

Additionally, the Tenth Circuit has refused to credit conclusory claims of ineffective assistance of counsel where the defendant expresses satisfaction with counsel during the plea colloquy. *See, e.g., United States v. Byrum*, 567 F.3d 1255, 1265 (10th Cir. 2009); *United States v. Castillo*, 209 F. App'x 829, 831 (10th Cir. 2006)[5]; *United States v. Eastman*, 140 F. App'x 786, 788 (10th Cir. 2005). Ms. Been attended the change of plea hearing with her counsel Mr. Lynn, represented in her Petition that she was satisfied with the advice and help he had given her, and further represented that she believed Mr. Lynn had done everything he could to counsel and assist her. [Doc. 355; Doc. 358, p. 6]. Ms. Been stated, under oath, that she had the opportunity to read and discuss the Petition with Mr. Lynn before signing it, was fully advised of the consequences of pleading guilty, and that she was totally satisfied with his assistance in this case. [Plea Colloquy, July 14, 2022, at 9:05:51, 9:14:07, 9:38:07, 9:39:35]. She also confirmed she graduated high school and can read English at least at a twelfth-grade level. [*Id.* at 9:05:13, 9:05:19]. Ms. Been confirmed that she had visited with her attorney at length about the case in general, and she denied the opportunity to meet with Mr. Lynn again privately before the court formally took her plea. [*Id.* at 9:05:44; 9:42:13]. The defendant also verbally confirmed there was no plea agreement, but she nevertheless sought to plead guilty to all 214 counts alleged in the Indictment. [*Id.* at 9:07:23]. Finally, Mr. Lynn answered affirmatively when Magistrate Judge O'Hara asked him whether Ms. Been's intended change of plea was "freely and voluntary made with full knowledge of the charges and the consequences of the plea." [*Id.* at 9:40:00].

As a final note, the Tenth Circuit has considered whether a defendant was represented by "skilled and respected" counsel in weighing this factor. *United States v. Siedlik*, 231 F.3d 744,

---

[5] "Unpublished decisions are not precedential, but may be cited for their persuasive value." 10th Cir. R. 32.1(A).

750 (10th Cir. 2000). Mr. Lynn is a criminal defense attorney with 31 years of experience and has recently accepted a position with the Office of the Federal Public Defender for the Eastern District of Oklahoma. [Doc. 531]. The court therefore finds that Ms. Been was represented by skilled and respected counsel. Thus, the fifth *Yazzie* factor weighs against permitting Ms. Been to withdraw her guilty plea.

The sixth factor is whether the plea was knowing and voluntary. The court conducted a thorough plea colloquy, and Ms. Been confirmed she understood the consequences of the plea. [Plea Colloquy, July 14, 2022, at 9:14:07]. "[F]or a plea to be knowing and intelligent, the defendant 'must have a full understanding of what the plea connotes and of its consequence.'" *Dominguez*, 998 F.3d at 1105 (quoting *Marceleno*, 819 F.3d at 1276). "More particularly, a defendant knowingly and intelligently pleads guilty if he understands his plea's '*direct* consequences,' even if he does not also 'understand every *collateral* consequence of the plea.'" *Dominguez*, 998 F.3d at 1105 (emphasis in original) (quoting *United States v. Hurlich*, 293 F.3d 1223, 1230-31 (10th Cir. 2002)). The Tenth Circuit has stated:

> Where the district court complies with Rule 11 and conducts a thorough plea colloquy, in which the defendant affirmatively indicates he understands his plea and its direct consequences . . . we have recognized that such solemn declarations made in open court carry a strong presumption of verity. Indeed, we have concluded that the truth and accuracy of [a defendant's] statements made at the Rule 11 proceedings should be regarded as conclusive in the absence of a believable, valid reason justifying a departure from the apparent truth of his Rule 11 statements.

*Dominguez,* 998 F.3d at 1106 (internal citations and quotations omitted).

Ms. Been does not deny that Mr. Lynn advised her that a Special Monetary Assessment of $100 per count would be collected. [Doc. 599, p. 3, ¶ 6; Doc. 358, p. 5]. Instead, she states that Mr. Lynn never advised her the Special Monetary Assessment would total $21,400. In her signed and sworn Petition, Ms. Been explicitly acknowledged that she had read and understood each part

- 7 -

of the Petition, and that she was satisfied with counsel's guidance in this matter. [Doc. 358, p. 6, 7]. And, as previously mentioned, the Petition expressly states that a Special Monetary Assessment in the amount of $100.00 will be assessed *per count*. [*Id.* at 5].

Importantly, Magistrate Judge O'Hara specifically asked Ms. Been whether she understood that the Special Monetary Assessment would be assessed per count, instead of just once, when he inquired "do you understand that on each of these 214 counts there would be a Mandatory Special Assessment of $100.00 . . . as opposed to one assessment." [Plea Colloquy, July 14, 2022, 9:11:01]. Ms. Been responded affirmatively. Magistrate Judge O'Hara also asked "[b]ased on your private discussions with Mr. Lynn before today and based on our discussion today, Ms. Been, do you believe you fully understand the possible consequences of pleading guilty?" [*Id.* at 9:14:07]. She responded affirmatively. Mr. Lynn also confirmed that he thought Ms. Been fully understood the proceedings and was mentally competent to proceed with the change of plea. [*Id.* at 9:06:32]. Ultimately, Magistrate Judge O'Hara approved the plea petition and stated that he found Ms. Been was competent to plead guilty and was aware of all the consequences of pleading guilty. [*Id.* at 9:43:00].

For the foregoing reasons, Ms. Been has not established that her plea was not knowing and voluntary. *See United States v. Qualls*, 741 F. App'x 592, 597 (10th Cir. 2018) (unpublished); *United States v. Cervantes*, 115 F. App'x 1, 8–10 (10th Cir. 2004) (unpublished). The sixth *Yazzie* factor, therefore, weighs against permitting Ms. Been to withdraw her guilty plea.

Though the assertion-of-innocence, knowing-and-voluntary, and ineffective-assistance-of-counsel factors all weigh against the defendant [see footnote 2, above], the court will nevertheless address the remaining *Yazzie* factors in the following paragraphs. *Byrum*, 567 F.3d at 1265.

In applying the second factor, the court concludes the government would suffer prejudice. Although the presentence report has not yet been prepared [Doc. 599, p. 4, ¶ 10], plaintiff has asserted in its response that "the Government would litigate the remaining 208 counts that are admittedly uncontested" should Ms. Been be allowed to withdraw her guilty pleas. [Doc. 608, p. 5]. The government would be required to undergo the potentially difficult process of locating and preparing witnesses over a year after trial was originally scheduled to take place. Further, the government would have to set aside other cases to prepare for trial and all other attendant tasks. This factor clearly weighs against granting the motion. *See United States v. Carr*, 80 F.3d 413, 420 (10th Cir. 1996).

The third factor—whether Ms. Been delayed in filing her motion—weighs against granting the motion. Ms. Been entered her plea in July 2022, but she did not file this motion until September 2023, some fourteen months later.

The fourth factor requires the court to consider whether withdrawal of the guilty pleas would substantially inconvenience the court. If Ms. Been is permitted to withdraw her guilty pleas on the requested counts, the government says it will try Ms. Been on those 208 counts. [Doc. 608, p. 5]. The court's trial docket is currently overwhelmed in the aftermath of the *McGirt* decision and two ongoing judicial vacancies. A trial in this case would substantially inconvenience this court. Therefore, the fourth factor weighs against granting the motion.

The seventh *Yazzie* factor—whether withdrawal of Ms. Been's guilty pleas to 208 counts would waste the court's resources—weighs against granting the motion. Again, because the government contends it would try Ms. Been on the 208 counts, granting the motion would result in a jury trial. Additionally, based on Ms. Been's acknowledgment of her guilt [Doc. 599, p. 4, ¶ 9], it is likely she would be convicted. *See Carr*, 80 F.3d at 421 n.5 (10th Cir. 1996). Finally,

every plea withdrawal results in some unavoidable waste of judicial resources, as a hearing accepting her plea of guilty was previously conducted. *Id.* at 420. Therefore, the seventh factor weighs against granting the motion.

Based on the foregoing, each of the *Yazzie* factors weighs against permitting Ms. Been to withdraw her guilty pleas as to the specified 208 counts. Ms. Been has therefore failed to satisfy her burden to show a "fair and just reason for withdrawal," of her guilty pleas.

## III.  Conclusion

WHEREFORE, the "Motion to Withdraw Guilty Pleas of Specific Counts: Counts 3-166; and Counts 171-214" [Doc. 599] is denied.

DATED this 17th day of October, 2023.

GREGORY K. FRIZZELL
UNITED STATES DISTRICT JUDGE