AO 245B   (Rev. 10/17) Judgment in a Criminal Case
Sheet 1

# United States District Court

### Northern District of Oklahoma

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
| v. | ) | |
| | ) | |
| LINDA ANN BEEN | ) | Case Number:   4:21CR00493–3 |
| | ) | |
| | ) | USM Number:   81901-509 |
| | ) | |
| | ) | Marna Swanda Franklin |
| | | Defendant's Attorney |

## THE DEFENDANT:

☒ pleaded guilty to count(s)   <u>One through Two hundred fourteen of the Indictment</u>

☐ pleaded nolo contendere to count(s)
   which was accepted by the Court.

☐ was found guilty on count(s)
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §§ 371 | Conspiracy | 11/3/21 | 1 |
| 18 U.S.C. §§ 1343 | Wire Fraud | 4/3/21 | 2 through 166 |
| 18 U.S.C. §§ 1349 | Conspiracy to Commit Wire Fraud | 11/3/21 | 167 |
| 18 U.S.C. §§ 1956(h) | Conspiracy to Commit Money Laundering | 11/3/21 | 168 through 169 |
| 18 U.S.C. §§ 1957(a) | Relating to Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity | 5/17/21 | 170 through 214 |

The defendant is sentenced as provided in this Judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is   ☐ are   dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid.  If ordered to pay restitution, the defendant must notify the Court and United States Attorney of material changes in economic circumstances.

May 9, 2024
Date of Imposition of Judgment

_Gregory K. Frizzell_ (signature)
Signature of Judge

Gregory K. Frizzell, United States District Judge
Name and Title of Judge

May 10, 2024
Date

AO 245B   (Rev. 10/17) Judgment in Criminal Case
        Sheet 2 — Imprisonment

DEFENDANT:       Linda Ann Been
CASE NUMBER:    4:21CR00493-3

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:   Sixty-four months. Said sentence shall consist of sixty months as to Count One and sixty-four months as to each of Counts Two through Two hundred fourteen. Said counts shall run concurrently, each with the other.

☒   The Court makes the following recommendations to the Bureau of Prisons:

The Court recommends that defendant be placed in a facility that will allow her the opportunity to participate in the most comprehensive substance abuse and mental health treatment programs available. Further, the Court recommends the defendant be placed at the Federal Correctional Institution, Carswell.

☐   The defendant is remanded to the custody of the United States Marshal.

☐   The defendant shall surrender to the United States Marshal for this district:

    ☐  at _____ ☐ a.m. ☐ p.m. on _____ .

    ☐  as notified by the United States Marshal.

☒   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☒  before 2 p.m. on   Wednesday, June 19, 2024.

    ☐  as notified by the United States Marshal.

    ☐  as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this Judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this Judgment.

_____
              UNITED STATES MARSHAL

By _____
              DEPUTY UNITED STATES MARSHAL

AO 245B    (Rev. 10/17) Judgment in a Criminal Case
    Sheet 3 — Supervised Release

DEFENDANT:   Linda Ann Been
CASE NUMBER:  4:21CR00493-3

# SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of:   Three years, as to each of Counts One through Two hundred and fourteen.  Said terms shall run concurrently, each with the other.

# MANDATORY CONDITIONS

1.   You must not commit another federal, state or local crime.
2.   You must not unlawfully possess a controlled substance.
3.   You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
    ☐   The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4.   ☒   You must make restitution in accordance with 18 U.S.C §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5.   ☒   You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6.   ☐   You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7.   ☐   You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B    (Rev. 10/17) Judgment in a Criminal Case
            Sheet 3A — Supervised Release

DEFENDANT:          Linda Ann Been
CASE NUMBER:        4:21CR00493-3

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervision, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1.    You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2.    After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when to report to the probation officer, and you must report to the probation officer as instructed.
3.    You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4.    You must answer truthfully the questions asked by the probation officer.
5.    You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6.    You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7.    You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so.  If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8.    You must not communicate or interact with someone you know is engaged in criminal activity.  If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9.    If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10.   You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person, such as nunchakus or tasers).
11.   You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12.   If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may, after obtaining Court approval, notify the person about the risk or require you to notify the person about the risk and you must comply with that instruction.  The probation officer may contact the person and confirm that you have notified the person about the risk.
13.   You must follow the instructions of the probation officer related to the conditions of supervision.

AO 245B    (Rev. 10/17) Judgment in a Criminal Case
Sheet 3B — Supervised Release

DEFENDANT:        Linda Ann Been
CASE NUMBER:      4:21CR00493-3

# SPECIAL CONDITIONS OF SUPERVISION

1.  The defendant shall submit her person, property, residence, office, vehicle, cellular telephone, computer, or any other electronic communication device, to a search conducted by the United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

2.  The defendant shall successfully participate in a program of mental health treatment and follow the rules and regulations of the program. The probation officer, in consultation with the treatment provider, will determine the treatment modality, location, and treatment schedule.  The defendant shall waive any right of confidentiality in any records for mental health treatment to allow the probation officer to review the course of treatment and progress with the treatment provider.  The defendant must pay the cost of the program or assist (co-payment) in payment of the costs of the program if financially able.

3.  The defendant shall successfully participate in a program of testing and treatment, to include inpatient treatment, for drug and alcohol abuse, at a treatment facility and on a schedule determined by the probation officer.  The defendant shall abide by the policies and procedures of the testing and treatment program to include directions that the defendant undergo urinalysis or other types of drug testing consisting of no more than eight tests per month if contemplated as part of the testing and treatment program.  The defendant shall waive any right of confidentiality in any records for drug and alcohol treatment to allow the probation officer to review the course of testing and treatment and progress with the treatment provider.

4.  The defendant shall abide by the "Special Financial Conditions" previously adopted by the Court, as follows:

    a.  The defendant shall maintain a checking account in the defendant's name and deposit into this account all income, monetary gains or other pecuniary proceeds, and make use of this account for payment of all personal expenses.  All other bank accounts must be disclosed to the probation officer.
    b.  The defendant shall not make application for any loan or enter into any credit arrangement, without first consulting with the probation officer.
    c.  The defendant shall disclose all assets and liabilities to the probation officer.  The defendant shall not transfer, sell, give-away, or otherwise convey any asset, without first consulting with the probation officer.
    d.  If the defendant owns or maintains interest in any profit or nonprofit entity, you shall, upon request, surrender and/or make available for review, any and all documents and records of said profit or nonprofit entity to the probation officer.
    e.  The defendant shall, upon request of the probation officer, complete a personal financial affidavit and authorize release of any and all financial information, to include income and tax return records, by execution of a Release of Financial Information form, or by any other appropriate means.

5.  The defendant is prohibited from engaging, directly or indirectly, in any form of gambling or game of chance; and shall not loiter about or enter any dwelling or enterprise whose principal business purpose is gambling or the offering of games of chance.  The defendant shall successfully participate in a program for the treatment of gambling addiction at a program and on a schedule approved by the probation officer.  The defendant shall waive any right of confidentiality in any records for gambling addiction treatment to allow the probation officer to review the course of treatment and progress with the treatment provider.

## U.S. Probation Officer Use Only

A U.S Probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this Judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions,* available at: www.uscourts.gov.


Defendant's Signature _____        Date _____

AO 245B    (Rev. 10/17) Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

DEFENDANT:          Linda Ann Been
CASE NUMBER:        4:21CR00493-3

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments.

| | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| **TOTALS** | $21,400 | 43,197.76 | N/A | N/A | N/A |

☐   The determination of restitution is deferred until

An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☒   The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below.  However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss*** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Walmart Global Investigations<br>Attn: Erica Miley / Clint Lee<br>702 Southwest 8th Street, MS #0405<br>Bentonville, Arkansas 72716-0405 | | $14,863.54 | |
| CVS<br>Attn: Dharani Rangthale/ORC<br>200 Highland Corporate Drive<br>Cumberland, Rhode Island 02862 | | $506.00 | |
| Target<br>Attn: PRA Law Firm<br>280 Wekiva Springs Road, Suite 2030<br>Longwood, Florida 32779 | | $952.86 | |
| Walgreens Regional Office<br>Attn: C/O Rick Fuehrer<br>6611 North Belt Line Road, Suite 200<br>Irving, Texas 75063 | | $15,285.49 | |
| Reasor' s/BGC<br>Attn: Accounts Receivable<br>420 South 145th East Avenue, Suite B<br>Tulsa, Oklahoma 74108 | | $281.33 | |
| Sprouts Farmers Market<br>Attn: Luis Torres<br>5455 East High Street, Suite 111<br>Phoenix, Arizona 85084 | | $923.80 | |
| Costco<br>General Manager Dan McCoey<br>600 West Arbrook Boulevard<br>Arlington, Texas 76014 | | $10,384.74 | |
| **TOTALS** | $ | $    43,197.76 | |

☐   Restitution amount ordered pursuant to Plea Agreement   $ _____

☒   The defendant must pay interest on any fine or restitution of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the Judgment, pursuant to 18 U.S.C. § 3612(f).  All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐   The Court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐   the interest requirement is waived for the   ☐   fine   ☐   restitution.

☐   the interest requirement for the   ☐   fine   ☐   restitution is modified as follows:

\* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.

\*\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.

\*\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B    (Rev. 10/17) Judgment in a Criminal Case
           Sheet 6 — Schedule of Payments

DEFENDANT:        Linda Ann Been
CASE NUMBER:      4:21CR00493-3

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A**  ☒  Lump sum payment of $ ___64,597.76___ due immediately, balance due

        ☐  not later than _____ , or

        ☒  in accordance with  ☐ C,  ☐ D,  ☐ E, or  ☒ F below; or

**B**  ☐  Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

**C**  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
_____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this Judgment; or

**D**  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
_____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a
term of supervision; or

**E**  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 90 days) after release from
imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**  ☒  Special instructions regarding the payment of criminal monetary penalties:

    Any monetary payment is due in full immediately, but payable on a schedule to be determined pursuant to the policy provision
of the Federal Bureau of Prisons' Inmate Financial Responsibility Program if the defendant voluntarily participates in this
program. If a monetary balance remains, payment is to commence no later than 60 days following release from imprisonment to
a term of supervised release in equal monthly payments of $300 or 10% of net income (take home pay), whichever is greater,
over the duration of the term of supervised release and thereafter as prescribed by law for as long as some debt remains.
Notwithstanding establishment of a payment schedule, nothing shall prohibit the United States from executing or levying upon
property of the defendant discovered before or after the date of this Judgment.

Unless the Court has expressly ordered otherwise, if this Judgment imposes imprisonment, payment of criminal monetary penalties
is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons'
Inmate Financial Responsibility Program, are made to the Clerk of the Court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☒  Joint and Several

    Said restitution order is joint and several with any restitution ordered in the case of codefendants listed in Northern District of Oklahoma
Case number 21-CR-00493-GKF; Jeffrey Allen Abel, def. # 1; Brandon Jamal Baldwin, def. # 2; Americca Jabielle Vosha Brown, def. # 4;
Amber Marie Clason, def. # 5; Toni Larae Crisp, def. # 7; Latoya Effie Lawshawn Duhart, def. # 8; Ashley Nicole Gill, def. # 12; Jessica
Marie Hooks, def. # 14; Daniel Eugene Payne, def. # 19; Karissa Ray Russell, def. # 22; and Ge'rae Quin'shay Thompson, def. # 23; except
that no further payment shall be required after the sum of the amounts actually paid by all defendants has fully covered the compensable
injury.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☒  The defendant shall forfeit the defendant's interest in the following property to the United States:
    United States currency and real property shall be forfeited as directed in the Forfeiture Money Judgement and Preliminary Order of
Forfeiture, Dkt. # 622.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment,
(5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of
prosecution and court costs.